# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| CURTIS L. DOWNING,<br><br>    Petitioner,<br><br>vs.<br><br>BRIAN E. WILLIAMS, *et al.*,<br><br>    Respondents. | Case No. 2:14-cv-01972-APG-VCF<br><br>**ORDER** |

    Petitioner Curtis L. Downing, has submitted a petition for writ of habeas corpus, pursuant to 28 U.S.C. § 2254 (Dkt. #1-1) and has now paid the filing fee (*see* Dkt. #3). It appears from the petition that it was submitted outside the applicable limitations period and may be subject to dismissal on that basis.

    The Antiterrorism and Effective Death Penalty Act (AEDPA) imposes a one-year statute of limitations on the filing of federal habeas corpus petitions. 28 U.S.C. § 2244(d). The one-year time limitation can run from the date on which a petitioner's judgment became final by conclusion of direct review, or the expiration of the time for seeking direct review. 28 U.S.C. § 2244(d)(1)(A). Further, a properly filed petition for state postconviction relief can toll the period of limitations. 28 U.S.C. § 2244(d)(2).

    In his federal petition, petitioner states that the judgment of conviction he seeks to challenge–Case No. C119521–was entered on August 15, 2012 (Dkt. #1-1, pp. 1-2). Petitioner also

attaches the Nevada Supreme Court order affirming the denial of his state postconviction petition (from the papers presented this appears to be the latest of many state postconviction petitions) (*see* Case. No. 65065). The Nevada Supreme Court affirmed the denial of the state petition as untimely because it was filed more than thirteen years after the remittitur on direct appeal issued on March 28, 2000.[1] *Id.* Petitioner dispatched this federal habeas petition for mailing on November 20, 2014 (/Dkt. #1-1, p. 1).

Petitioner may be entitled to equitable tolling of the one-year limitations period if he can establish that he diligently pursued his right and some extraordinary circumstance stood in his way. *See Calderon v. United States District Court (Beeler)*, 128 F.3d 1283, 1288 (9th Cir. 1997), *overruled in part on other grounds, Calderon v. United States District Court (Kelly)*, 163 F.3d 530 (9th Cir. 1998); *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005). The petitioner will be given the opportunity to show that either the instant petition was not filed beyond the one-year statute of limitations, or that he is entitled to equitable tolling of the time limitation.

IT IS THEREFORE ORDERED that the Clerk shall **DETACH, FILE and ELECTRONICALLY SERVE** the petition (Dkt. #1-1) upon the respondents.

**IT IS FURTHER ORDERED** that petitioner shall have **thirty (30) days** from the date of entry of this order to show cause and file such proof he may have to demonstrate that the petition for writ of habeas corpus was timely filed within the one-year time limitation or that he is entitled to equitable tolling of the time period. He shall also set forth a complete and accurate history, with dates, of any state postconviction proceedings presented to the state district court and the Nevada Supreme Court, including direct appeal and state habeas petitions.

**IT IS FURTHER ORDERED** that if petitioner files such proof, respondents shall have **twenty (20) days** to file a response to petitioner's proof.

---

[1] The Nevada Supreme Court noted that petitioner argued that he filed the petition within one year of the filing of an amended judgment of conviction on August 15, 2012 (Case No. 65065). However, the state supreme court concluded that petitioner did not challenge any changes made in the amended judgment of conviction, which was entered to clarify that petitioner's three consecutive terms of life imprisonment include the possibility of parole. *Id.*

**IT IS FURTHER ORDERED** that if petitioner is unable to demonstrate that the petition for writ of habeas corpus was filed within the limitations period, the court will enter an order dismissing the petition.

**IT IS FURTHER ORDERED** that, as petitioner has paid the filing fee, his motion to extend time to pay the filing fee (Dkt. #4) is **DENIED** as moot.

Dated this 20th day of April, 2015.

_____
UNITED STATES DISTRICT JUDGE