# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

CURTIS L. DOWNING,

    Petitioner,

vs.

BRIAN E. WILLIAMS, *et al.*,

    Respondents.

Case No. 2:14-cv-01972-APG-VCF

**ORDER**

    This action is a *pro se* petition for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2254, by a Nevada state prisoner. On April 20, 2015, the court issued an order directing petitioner to show cause and file such proof as he may have to demonstrate either that the petition is timely or that he is entitled to equitable tolling of the one-year limitations period (Dkt. #5). Before the court is petitioner's response to that order (Dkt. #8). Respondents then responded (Dkt. #9), and petitioner replied (Dkt. #11). As discussed below, this petition must be dismissed as untimely.

    In his federal petition, petitioner states that the judgment of conviction he seeks to challenge–Case No. C119521–was entered on August 15, 2012 (Dkt. #1-1, pp. 1-2). Petitioner also attached the Nevada Supreme Court order affirming the denial of his state postconviction petition (from the papers presented this appears to be approximately the fourth state postconviction petition) (*see* Case. No. 65065). The Nevada Supreme Court affirmed the denial of the state petition as untimely because it was filed more than thirteen years after the remittitur on direct appeal issued on March 28,

2000.[1] *Id.* Petitioner dispatched this federal habeas petition for mailing on November 20, 2014 (Dkt. #1-1, p. 1).

The Antiterrorism and Effective Death Penalty Act (AEDPA) amended the statutes controlling federal habeas corpus practice to include a one-year statute of limitations on the filing of federal habeas corpus petitions. With respect to the statute of limitations, the habeas corpus statute provides:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of–
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitations under this subsection.

28 U.S.C. § 2244(d).

The United States Supreme Court has held that a habeas petitioner's state postconviction petition, which was rejected by the state court as untimely under the statute of limitations, is not

---

[1] The Nevada Supreme Court noted that petitioner argued that he filed the petition within one year of the filing of an amended judgment of conviction on August 15, 2012 (Case No. 65065). However, the state supreme court concluded that petitioner did not challenge any changes made in the amended judgment of conviction, which was entered to clarify that petitioner's three consecutive terms of life imprisonment include the possibility of parole. *Id.*

"properly filed," within the meaning of the statutory tolling provision of the AEDPA limitations period. *Pace v. DiGuglielmo,* 544 U.S. 408, 412-16 (2005). The Court in *Pace v. DiGuglielmo* held as follows:

> In common understanding, a petition filed after a time limit, and which does not fit within any exceptions to that limit, is no more "properly filed" than a petition filed after a time limit that permits no exception.
>
> * * *
>
> What we intimated in *Saffold* we now hold: When a postconviction petition is untimely under state law, "that [is] the end of the matter" for the purposes of § 2244(d)(2).

*Id.* at 413-14.

In the present case, petitioner's judgment of conviction was entered on May 20, 1998 (Dkt. #9, Exh. 2).[2] The Nevada Supreme Court affirmed his conviction, and remittitur issued on March 28, 2000. Exhs. 3a and 3b. Petitioner filed his first state postconviction petition 117 days later on September 25, 2000; the Nevada Supreme Court affirmed the denial of the petition on April 11, 2002, and remittitur issued on May 7, 2002 (Dkt. #9, Exhs. 4-8b). The AEDPA one-year time limitation expired 248 days later on January 10, 2003 (*see* Dkt. #9, p. 2).

About three years later, in January 2006, petitioner commenced filing several motions and state postconviction petitions in state district court (*see* Dkt. #8, pp. 3-5; Dkt. #9, pp. 2-3; Dkt. #9, Exhs. 9-18a). Additionally, on July 18, 2012, he filed a motion to correct illegal sentence (Dkt. #8, p. 3; Dkt. #9, Exh. 19). The state district court granted his motion in part, and an amended judgment of conviction was entered on August 15, 2012 (Dkt. #8, pp. 21-22). The amended judgment of conviction was filed in order to correct a clerical error; while the state district court had sentenced petitioner to three consecutive sentences of life with the possibility of parole, the judgment of conviction stated that petitioner was sentenced to three consecutive life sentences. *Id.* The court ordered that the judgment be corrected in order to reflect the possibility of parole and stated that "other conditions, fines, etc., that were imposed when defendant was originally sentenced will remain." *Id.* at 22.

---

[2] Respondents exhibits in support of their response to the show-cause order (Dkt. #9) are found at Dkt. #10.

Relying on *United States v. Colvin*, 204 F.3d 1221 (9th Cir. 2000), petitioner argues in his response to the show-cause order that this federal petition is timely because he now challenges the amended judgment of conviction, entered on August 15, 2012 (Dkt. #8, p. 3). However, as respondents point out, petitioner's reliance on *Colvin* is inapposite (Dkt. #9, p. 4). In *Colvin*, the Ninth Circuit Court of Appeals held that where a conviction or sentence, or both, are partially or wholly reversed and the case is expressly remanded to the district court, the judgment does not become final (and the statute of limitations does not begin to run) until the district court has entered an amended judgment and the time for appealing that judgment has passed. *Colvin*, 204 F.3d at 1225. Here, the state district court granted petitioner's motion to correct his sentence and amended the judgment of conviction in order to correct the clerical error. There was no reversal of the district court's order and no express remand to the district court. Accordingly, the amended judgment of conviction here had no effect on the calculation of the limitations period, and petitioner's federal habeas petition, filed on November 20, 2014, is untimely pursuant to 28 U.S.C. § 2244(d).

AEDPA's statute of limitations "is subject to equitable tolling in appropriate cases." *Holland v. Florida*, 130 S.Ct. 2549, 2560 (2010). In *Holland*, the Supreme Court reiterated that "a petitioner is entitled to equitable tolling only if he shows: '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Id.* at 2562 (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)). Here, however, petitioner only contends that his petition is timely vis a vis the amended judgment of conviction; he makes no argument that he is entitled to equitable tolling.

In conclusion, petitioner's federal petition is untimely. Petitioner has failed to demonstrate any basis for equitable tolling or to excuse the statute of limitations. Because the federal habeas petition was untimely filed, and because petitioner is not entitled to statutory or equitable tolling, this action must be dismissed.

In order to proceed with an appeal, petitioner must receive a certificate of appealability. 28 U.S.C. § 2253(c)(1); Fed. R. App. P. 22; 9th Cir. R. 22-1; *Allen v. Ornoski*, 435 F.3d 946, 950-51 (9th Cir. 2006); *see also United States v. Mikels*, 236 F.3d 550, 551-52 (9th Cir. 2001). Generally, a petitioner must make "a substantial showing of the denial of a constitutional right" to warrant a

certificate of appealability. *Id.;* 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000). "The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Id.* (*quoting Slack*, 529 U.S. at 484). In order to meet this threshold inquiry, the petitioner has the burden of demonstrating that the issues are debatable among jurists of reason; that a court could resolve the issues differently; or that the questions are adequate to deserve encouragement to proceed further. *Id.* Pursuant to Rule 11(a) of the Rules Governing Section 2254 and 2255 Cases, district courts are required to rule on the certificate of appealability in the order disposing of a proceeding adversely to the petitioner or movant, rather than waiting for a notice of appeal and request for certificate of appealability to be filed. This court has considered the issues raised by petitioner, with respect to whether they satisfy the standard for issuance of a certificate of appealability, and determines that they do not meet the standard. The court will therefore deny petitioner a certificate of appealability.

**IT IS THEREFORE ORDERED** that this federal petition for a writ of habeas corpus is **DISMISSED** as untimely.

**IT IS FURTHER ORDERED** that petitioner is **DENIED A CERTIFICATE OF APPEALABILITY.**

**IT IS FURTHER ORDERED** that the Clerk **SHALL ENTER JUDGMENT** accordingly and close this case.

Dated this 22nd day of June, 2015.

_____
UNITED STATES DISTRICT JUDGE